IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOEL C. JONES, JR.**, <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL**, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 6:17-cv-0153-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

On November 8, 2017, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings, based on the stipulation of the parties. ECF 15. Before the Court is Plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 16.

EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory.

*Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $6,196.83. Defendant does not oppose Plaintiff's motion. Under EAJA, however, fees must be "reasonable." 28 U.S.C. § 2412(d)(2)(A). "The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case." *Schwitzke v. Berryhill*, 2017 WL 6558257, at *1 (W.D. Wash. Dec. 22, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436-37 (1983)).

The Court agrees that EAJA fees are warranted in this case, but finds that the hours submitted are not reasonable. For example, counsel for Plaintiff lists one hour to "begin" preparing the less-than two page unopposed EAJA fee motion. Counsel also lists 0.2 hours to review proof of service documents received and 0.3 hours to "prepare" documents to "allege service in ECF," when that ECF filing merely consists of photocopies of the service documents received by counsel, without anything additional "prepared" by counsel. *See* ECF 6. Counsel also expended more than 22 hours to draft a 20-page opening brief.

When a district court has concerns regarding the time charged in a fee petition, "'the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its

exercise of discretion and without a more specific explanation.'" *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (alteration omitted) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Accordingly, the Court reduces the fee request by 10 percent.

Plaintiff's application for attorney's fees (ECF 16) is GRANTED IN PART. Plaintiff is awarded $5,577.15 for attorney's fees under 28 U.S.C. § 2412. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to counsel (ECF 16-2), if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney Tim Wilburn and mailed to Plaintiff's attorney. If Plaintiff owes a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney.

**IT IS SO ORDERED.**

DATED this 7th day of February, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge